UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| AMERICA'S COLLECTIBLES NETWORK, INC., ) | | |
| d/b/a JEWELRY TELEVISION, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | No.: | 3:08-cv-96 |
| ) | | (VARLAN/GUYTON) |
| SYNDICATE 1414, SYNDICATE 2003, ) | | |
| SYNDICATE 382, SYNDICATE 510, ) | | |
| SYNDICATE 2791, SYNDICATE 2488, ) | | |
| SYNDICATE 1221, SYNDICATE 4472, ) | | |
| SYNDICATE 4000, SYNDICATE 1036, and ) | | |
| ALL UNDERWRITERS SUBSCRIBING ) | | |
| TO LLOYD'S LONDON POLICIES ISSUED ) | | |
| UNDER CERTIFICATE NO. GLGL000/9402, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM AND ORDER

This civil action is before the Court on defendants' Motion to Amend Scheduling Order. [Doc. 14.] The Scheduling Order in this case was entered on December 22, 2008. [Doc. 7.] The Scheduling Order provides in part that all discovery must be completed no later than 90 days before trial, or August 18, 2009. The Scheduling Order also provides that all dispositive motions must be filed no later than 120 days before trial, or July 17, 2009, and that the failure to timely file such motions will serve as grounds to deny those motions. Finally, the Scheduling Order provides that the Court will not amend the Scheduling Order absent good cause.

In their motion, defendants request that the time within which to file dispositive motions be extended from July 17, 2009 to September 18, 2009. Defendants allege a mutual understanding between the parties in this case that "virtually" no factual issues exist, and that the parties would seek a stipulation of facts that would permit resolution of the case without resort to trial. Defendants base their motion to amend on the grounds that (1) plaintiff's counsel scheduled the deposition of a non-party witness, Tracy Ball, after the deadline for filing dispositive motions; and (2) defendants agreed to attend mediation in this case on a date after passage of the deadline for filing dispositive motions but before incurring the costs of filing dispositive motions. Defendants contend that the parties proceeded in this litigation under two assumptions: that (1) the parties "intended to stipulate to the relevant facts and file jointly for summary judgment"; and (2) the parties would agree to such extensions of time as were necessary to make such filings.

Plaintiff has filed an Opposition to Motion to Modify the Scheduling Order. [Doc. 17.] Plaintiff argues that defendants have not demonstrated excusable neglect for their failure to file a dispositive motion prior to the July 17, 2009 deadline as required by Federal Rule of Civil Procedure (6)(b)(1)(B), and that this Court must therefore deny defendants' motion.

In their Response to plaintiff's Opposition to Motion to Amend Scheduling Order, [Doc. 18], defendants contend that Federal Rule of Civil Procedure 6(b)(1)(B) is not applicable because of the timely filing of their motion to amend. Defendants further contend that they have made a sufficient good cause showing on the grounds that the deposition of

Tracy Ball and mediation were scheduled after the dispositive motion deadline of July 17, 2009, and that judicial economy would best be served by extending the dispositive motion deadline. Lastly, defendants argue that plaintiff failed to make a showing of prejudice in their response to defendants' original motion.

**I.      Analysis**

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In this case, the deadline for filing dispositive motions as agreed to by the parties in the Scheduling Order—July 17, 2009—has expired. As a result, this Court may only grant an extension of this deadline for good cause and upon a showing by defendants that their failure to file a dispositive motion prior to the July 17, 2009 deadline was due to excusable neglect.[1]

In assessing whether excusable neglect exists, the Court must make an equitable determination based upon (1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the moving party; and (5) whether the

---

[1] In defendants' response to plaintiff's response in opposition to defendants' original motion, defendants contend that their original motion to modify the Scheduling Order was timely filed. Defendants do not explain in their response why their original motion was "timely filed," even though it was in fact filed nearly a month after the dispositive motion deadline. Presumably, defendants are arguing that they are not late in filing because they have filed a motion to amend the Scheduling Order itself, instead of moving directly to extend the dispositive motion deadline. Under either scenario, however, the terms of Federal Rule of Civil Procedure 6(b)(1)(B) would govern this Court's analysis given the import of defendants' motion–i.e., the extension of the already expired dispositive motion deadline.

3

late-filing party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993); *see also Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006) (employing factored analysis). Plaintiff, in its opposition to defendants' motion, notes that the "Court may assume good-faith," and the Court agrees that defendants have satisfied their burden with respect to the last factor.

The four remaining factors, however, all weigh against defendants. First, the danger of prejudice to plaintiff, the nonmoving party, is high. The deadline for the parties to file dispositive motions passed nearly a month prior to defendants' filing of their motion and without either party having filed a dispositive motion. Granting defendants' motion at this stage would permit defendants a second bite at an apple they have already had ample time to consider and reject, and would also require plaintiff to respond to a summary judgment motion from defendants, the prospect of which plaintiff had previously abandoned.

Similarly, both the length of the delay and its potential impact on the judicial proceedings are high. Defendants waited 28 days after the cutoff for filing dispositive motions to file their motion to amend. In addition, as plaintiff points out, extending the dispositive motion deadline to September 18 as defendant requests would leave barely more than five weeks between the due date of a reply to a response to a summary judgment motion and the trial date of November 19. Such a short window would leave little time for the Court to consider and rule upon any dispositive motions filed prior to trial.

Third, the reason offered for the delay by defendants is unpersuasive. While defendants' counsel may have reasonably assumed that the parties intended to resolve this

4

case on motion papers alone, a decision to permit the date for filing such motions to lapse based solely upon that assumption does not amount to "excusable neglect" under the meaning of Federal Rule of Civil Procedure 6(b)(1)(B). Also, while the Court is sympathetic to defendants' "expectation" that the parties would resolve the case without resort to trial, there is nothing to suggest that defendants should have taken that expectation as anything more than that: mere expectation.

Indeed, defendants' own motion reflects a lack of clear understanding between the parties. Defendants' assertion that there was "virtually" no factual dispute in the case, by implication, leaves open the possibility that there is in fact a factual dispute in the case. Defendants' further assertion that the parties "agreed that they would determine whether they could reach a stipulation of the relevant facts" in view of summary judgment motions is nothing more than an agreement to try to agree, not a conclusive agreement itself.[2] Further, while plaintiff's scheduling of a deposition and of mediation after the dispositive motion deadline might have supported defendants' perception of an intention to resolve the case without resort to trial, it may just as well have supported a perception that triable issues of fact remained that would ultimately necessitate resolution of this case by the trier of fact.

Finally, it is plain that the delay was within the reasonable control of defendants. Indeed, defendants have offered no reason, other than their own perception of the agreement

---

[2] Plaintiff also asserts that this "agreement" appears in the parties' Rule 26(f) Report. [Doc. 8.] The Report, however, notes only that "the *possible* stipulation of facts in order to enhance the filing of dispositive motions will be addressed" (emphasis added).

5

between the parties as to the manner in which the litigation was to be pursued, as to why defendants could not or did not file a dispositive motion within the prescribed deadline. Action in accordance with that unilateral perception will not remove any resulting delay from the reasonable control of defendants.

## II. Conclusion

Defendants have not demonstrated "excusable neglect" for their delay in filing dispositive motions prior to the dispositive motion cutoff, and the Court does not find good cause for defendants' delay. Defendants' Motion to Amend Scheduling Order [Doc. 14] is hereby **DENIED**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE